IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-00508-LTB-BNB

BUCKLES MANAGEMENT, LLC,
BUCKLES MANAGEMENT 401(K) PROFIT SHARING PLAN,
JLC CONSULTING, INC.,
FOCUS BUSINESS PARK, LLC, and
JOE COOK,

        Plaintiffs,
v.

INVESTORDIGS, LLC,
ONIT SOLUTIONS, LLC
WALTER CHARNOFF,

        Defendants.
_____

ORDER
_____

This matter is before me on Plaintiffs' Corrected Motion to Amend the Complaint [**Doc #27**] in which Plaintiffs, Buckles Management, LLC, Buckles Management 401(k) Profit Sharing Plan, JLC Consulting, Inc., Focus Business Park, LLC, and Joe Cook, seek leave to amend their complaint against Defendants, InvestorDigs, LLC, Onit Solutions, LLC, and Walter Charnoff. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' briefs and exhibits, I DENY Plaintiffs' motion to amend.

I. BACKGROUND

This lawsuit arises out of a business relationship that commenced in July of 2008 and ended in January of 2009. After the business relationship failed, Plaintiffs filed this lawsuit in state court in May of 2009, but then removed to this court, as required by 28 U.S.C. § 1334, after

Plaintiff Cook filed a petition under Chapter 11 of the Bankruptcy Code in November of 2009. In their notice of removal Plaintiffs assert that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

In their complaint, Plaintiffs assert claims for: enforcement of an alleged settlement agreement; breach of loans and the lease agreements; unjust enrichment; and accounting. In response, Defendants assert counterclaims for: breach of contract; unjust enrichment; negligent misrepresentation; breach of fiduciary duty; and fraud/false misrepresentation. Plaintiffs now seek leave to amend their complaint to assert additional claims against Defendants. Specifically, Plaintiffs wish to add a claims for fraud in the inducement, fraudulent conveyance, and negligent misrepresentation. Defendants oppose this request.

## II. LAW

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party." The rule further specifies that "leave shall be freely given when justice so requires." *Id.* In addition, because Plaintiffs seek to amend their complaint after the passing of the deadline in the pretrial scheduling order governing this case, Fed. R. Civ. P. 16(b)(4) is implicated, which provides that "[a] schedule may be modified only for good cause and with the judge's consent."

Although the Tenth Circuit has declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b)(4) in addition to the Rule 15(a) requirements," when it was not argued or raised by the parties on appeal, *see Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006),

2

judges on this court have applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline. *See e.g. Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D.Colo. 2001).

First, a movant must "demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)." *Id.* (*quoting Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D.Colo. 2000)). The Rule 16(b)(4) standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party[; r]ather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* For example, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Second, "[i]f the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a)" which allows for amendment of the pleadings when justice so requires. *Id.* "Refusing leave to amend [under Rule 15(a)] is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* at 669 (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993)(ruling that untimeliness alone is an adequate reason to refuse leave to amend).

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Likewise, my determination to modify a scheduling order pursuant to Rule 16(b)(4) is reviewed for abuse of discretion. *Burks v. Oklahoma Pub. Co.*, 81

F.3d 975, 978-79 (10th Cir. 1996).

## III. ANALYSIS

Plaintiffs seek to amend their complaint to add the following factual allegations:

> On or about March 31, 2009, Defendants fabricated a promissory note and security agreement, purporting to create in Defendant Onit Solutions, LLC, a secured interest in the assets of Defendant InvestorDigs.
>
> Defendants never disclosed any debt or secured interest in InvestorDigs' assets at the time Defendants were soliciting a loan from Plaintiffs.

In their motion, Plaintiffs assert that on March 31, 2009 – two months after their business relationship fell apart – Defendants fabricated a promissory note and related security agreement, with the intent to "steal the only assets out of InvestorDigs, thereby depriving Plaintiffs of any recovery." Plaintiffs maintain that they first learned of the "attempted fraudulent transfers" in the Fall of 2009, after they filed this lawsuit in May of 2009.

Plaintiffs assert that their counsel was subsequently out of the state and country in December 2009 and the first part of January 2010, and then had a two-week jury trial in January of 2010. Thereafter, Plaintiffs removed this case to this court on March 4, 2010, after Plaintiff Cook's November 2009 bankruptcy protection filing. Plaintiffs then filed this motion to amend on June 3, 2010. In this motion, Plaintiffs seek to amend their complaint in order to include allegations of fraud and misrepresentations by Defendants that they maintain are "directly relevant to the claims asserted herein[,] but which acts were not known at the time the Complaint was originally filed." They argue that no party will be prejudiced by the relief sought herein, in that the discovery cut-off, the settlement conference, and the pre-trial conference are "many months out" and trial is not scheduled to take place until March of 2011.

In response, Defendants argue that Plaintiffs should not be permitted to amend their

complaint to assert completely new theories of recovery because they cannot show "good cause" to modify the scheduling order under Fed. R. Civ. P. 16(b)(4), nor can they meet the standard for amendment under Fed. R. Civ. P. 15(a). I agree.

First, Plaintiffs have not demonstrated good cause for amendment of the pretrial scheduling order pursuant to Rule 16(a)(4). Although there is evidence that they were aware of the facts underlying their request to amend earlier, Plaintiffs concede that they knew of them at least by the Fall of 2009. In addition, in correspondence dated March 10, 2010, Plaintiffs' counsel indicated he was considering asserting claims of fraudulent transfer against Defendants. However, Plaintiffs failed to mention such claims in their proposed scheduling order submitted to this court on April 21, 2010. In addition, at the time the scheduling order was entered, Plaintiffs' request that the court revive and extend the deadline for amendment was denied.

Plaintiffs failed to seek leave to amend until this motion was filed on June 3, 2010 – over a half a year after they learned on the underlying facts and six months after the December 1, 2009 deadline set in the pretrial scheduling order. Plaintiffs do not specifically account for the delay, except to note that "[u]ndersigned counsel was out of the state and country in December 2009 and the first part of January 2010 [and f]ollowing a two week jury trial in January 2010, undersigned counsel filed a notice to remove this case to federal court in February 2010."

As such, Plaintiffs cannot show that they could not meet the deadline to amend, despite their diligent efforts to do so. As discussed above, Rule 16(b)(4) focuses on the diligence of the party seeking leave to modify the scheduling order. *Pumpco v. Schenker, supra,* 204 F.R.D. at 668 (properly construed ,"good cause" under Rule 16(b)(4) is solely related to whether the scheduling deadlines can or cannot be met, despite a party's diligent efforts). The deadline to

5

amend pleadings was December 1, 2009, and this motion was not filed until June 3, 2010. It is clear that Plaintiffs knew the basis of their additional claims prior to December 1, 2009. Although Plaintiffs suggest that counsel was unavailable during this time, I agree that any such unavailability does not excuse the requirement that Plaintiffs act diligently. Plaintiffs have failed to demonstrate they acted diligently but still could not have moved to amend their complaint before December 1, 2009. As such, I find that Plaintiffs have failed establish good cause under Rule 16(b)(4) to extend the deadline within which they may seek leave to amend the complaint.

Second, although leave to amend is to be freely granted, I conclude that under the circumstances here, Plaintiffs are not entitled to amend their complaint pursuant to the Rule 15(a) standard. First, as discussed above, Plaintiffs have not provided a reason for the significant delay in seeking leave to amend. *See Frank v. U.S. West, supra,* 3 F.3d at 1365-66 (untimeliness alone is an adequate reason to refuse leave to amend, "especially when the party filing the motion has no adequate explanation for the delay").

In addition, I find that amending the complaint would prejudice Defendants, as the non-moving party. The new claims proposed by Plaintiffs raise significant new factual issues, add substantial complexity to the case and, most significantly, alter the theories of the case. As such, Defendants are unfairly affected in their ability to prepare the defense and, therefore, are prejudiced. *See Texas Instruments, Inc. v. BIAX Corp.,* 2009 WL 3158155 (D. Colo. 2009) (unpublished)(*quoting HCA-HealthOne, LLC v. Susan Lou Sparks Trust*, 2006 WL 3762024 ("prejudice under Rule 15 'means undue difficulty in prosecuting [or defendant] a lawsuit as a result of a change of tactics or theories on the part of the other party'"). The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice

the nonmoving party." *Minter v. Prime Equipment*, *supra*, 451 F.3d at 1207.

Therefore, because I find that Plaintiffs' request to amend at this time is the product of undue delay and would cause prejudice to Defendants, under Fed. R. Civ. P. 15(a), and because Plaintiffs cannot demonstrate diligent efforts to meet the deadline to amend, under Fed. R. Civ. P. 16(b)(4), I conclude that they should not be permitted to amend their complaint in order to assert new theories of recovery for fraud and negligent misrepresentation against Plaintiffs.

ACCORDINGLY, for the reasons stated above, I DENY Plaintiffs' Corrected Motion to Amend the Complaint [**Doc #27**].

Dated: July 19, 2010, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE